UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HAWK TECHNOLOGY SYSTEMS, LLC.,

                Plaintiff,

    *-against-*                              Civil Action No. 1:15-CV-00210
                                                   (TJM/RFT)

PRICE CHOPPER OPERATING CO., INC.
and THE GOLUB CORPORATION,

                                                   **ANSWER TO PLAINTIFF'S**
                                                   **AMENDED COMPLAINT**
                                                   **AND**
                                                   **COUNTERCLAIM**
                Defendants.

Defendants, Price Chopper Operating Co., Inc. and The Golub Corporation, by their attorneys, Parisi, Coan & Saccocio, PLLC, as and for an Answer to Plaintiff's Amended Complaint, hereby answers the Plaintiff Hawk Technology Systems, LLC's (Hawk) amended complaint (Dkt. No. 13) as follows for each corresponding numbered paragraph of the amended complaint:[1]

## **ANSWER**

1.     Defendants admit that U.S. Patent No. RE43,462 (the '462 patent) is a reissue of U.S. Patent No. 5,625,410 (the '410 patent). Defendants deny knowledge or information sufficient to form a belief concerning the remaining allegations of paragraph "1".

---

[1] Defendants contemporaneously move to dismiss the amended complaint for failure to state a claim. Although defendants believe the time period for filing an answer should be tolled based on the filing of the motion to dismiss, Defendants file this answer out of an abundance of caution and to preserve its rights. Defendants further reserve the right to amend this answer, should it deem necessary, once the court acts on the motion to dismiss Hawk's amended complaint.

2. Denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "3".

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants admit that this court has personal jurisdiction over them based on the general allegations of the amended complaint. Defendants deny any other allegations of paragraph "7," including the Plaintiff's characterizations of why such jurisdiction exists.

8. Admitted.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "9".

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "10".

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "11".

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "12".

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "13".

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "14".

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "15".

16. Defendants admit that the text of claim 12 of the '462 patent is what Plaintiff alleges in this paragraph.

17. Admitted.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "18".

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "19".

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "20".

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "21".

22. Denied.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph "23".

## RESPONSE TO FIRST CAUSE OF ACTION

24. This paragraph does not allege facts that require a response.

25. Denied.

26. Denied.

**RESPONSE TO PRAYER FOR RELIEF**

Plaintiff's prayer for relief does not contain statements that require a response under Fed. R. Civ. P. 8 and 10. To the extent that a response is required, Defendants deny that plaintiff is entitled to any relief.

Defendants generally deny any allegations in the complaint to which it did not specifically respond. Defendant reserves the right to assert any additional and further defenses as may be revealed by discovery or otherwise.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Defendant alleges that Plaintiff has failed to state a claim upon which relief can be granted as outlined in Defendants' motion to dismiss filed contemporaneously herewith.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

Defendant asserts that the asserted claims of the '410 patent are invalid under at least one or more of 35 U.S.C. §§ 101, 102, and 103, and 112. For example and without limiting the ability to identify other prior art under this court's Patent Local Rules, the following references or combinations of references anticipate and/or render obvious claim 12 and its dependent claims:

> Jonathan N. Bradley, et al., "Video Imaging for Nuclear Safeguards," IEEE Industrial Data Compression Workshop and Conference, Snow Bird, Utah, March 31 – April 1, 1994.

Peter Chare, et al., "Unattended Digital Video Surveillance: A System Prototype for Euratom Safeguards," 35th Annual Meeting of the Institute of Nuclear Materials Management, Naples, Florida, July 17-20, 1994.

Alistar McLeod, "Automated video surveillance—teaching an old dog new tricks," SPIE Proceedings, Vol. 1989, p. 228-239, December 17, 1993.

Additionally, and without limiting the ability to identify other deficiencies, claim 12 is indefinite, lacks written description support, and is not enabled.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

### (Failure to Mark)

Defendant asserts any claim for damages for patent infringement by Plaintiff is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

### (Time Limitation on Damages)

Defendant asserts that Plaintiff's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

### (Intervening Rights)

Defendant asserts that Plaintiff's claims for monetary relief, if any, are precluded by 35 U.S.C. § 252.

## RESERVATION OF RIGHTS

Discovery and investigation may reveal that one or more of these defenses are or are not available to Defendants in this matter. Defendants, therefore, assert these defenses in order to preserve the right to assert them. After further discovery, and if the facts warrant, Defendants may withdraw one or more of these additional defenses as may be appropriate. Further, Defendants reserve the right to amend its Answer or assert and pursue other additional defenses as the facts may warrant.

**WHEREFORE,** Defendants, Price Chopper Operating Co., Inc. and The Golub Corporation, demands judgment dismissing the complaint and awarding the Defendant such further and other relief that the Court may deem just and proper together with costs and disbursements of this action.

//
//
//
//
//
//
//
//
//
//

# DEFENDANTS' COUNTERCLAIMS

Defendants Price Chopper Operating Co., Inc. and The Golub Corporation assert the following Counterclaims against Plaintiff Hawk Technology Systems, LLC ("Hawk"):

## PARTIES

1. Price Chopper Operating Co., Inc. is a corporation organized and existing under the laws of the state of New York with its principal place of business in Schenectady, New York.

2. The Golub Corporation is a corporation organized and existing under the laws of the state of Delaware and its principal place of business also in Schenectady, New York.

3. Based on allegations in the Complaint, Plaintiff is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims, and jurisdiction and venue in this district is proper, under 28 U.S.C. §§ 1331, 1338, 1391, 2201 and 2202.

5. This Court has personal jurisdiction over Hawk because it has subjected itself to the jurisdiction of this Court by filing the Complaint in this Court.

## BACKGROUND FACTS

6. Together Defendants own and operate a chain of supermarkets in New York which do business under the name "Price Chopper."

7. On February 24, 2015, Plaintiff filed a complaint to initiate the instant lawsuit alleging that Defendants infringe U.S. Patent No. RE43,462 ('462 Patent).

8. An actual controversy exists between Plaintiff and Defendants under 28 U.S.C. § 2201 relating to the alleged infringement and validity of the '462 patent.

9. Because Plaintiff filed the instant patent infringement suit against Defendants, Defendants has standing to file counterclaims for declaratory judgments of non-infringement and invalidity.

**COUNT I: Declaratory Judgment of Non-infringement of the '462 Patent**

10. Defendants incorporate by reference the foregoing paragraphs of its Counterclaims.

11. Defendants do not infringe the '462 patent because it does not make, use, sell, offer to sell or import into the U.S. any product that includes each and every limitation of the claims of the '462 patent, either literally or equivalently.

12. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

13. Defendants seek a judicial determination and declaration of the respective rights and duties of the parties based on Defendants' contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '462 patent.

**COUNT II: Declaratory Judgment of Invalidity of the '462 Patent**

14. Defendants incorporates by reference the foregoing paragraphs of its Counterclaims.

15. The '462 patent is invalid because it fails to satisfy the criteria of at least one or more of 35 U.S.C. § 101, 102, 103, and 112. For example and without limiting the ability to identify other prior art under this court's Patent Local Rules, the following references or combinations of references anticipate and/or render obvious claim 12 and its dependent claims:

> Jonathan N. Bradley, et al., "Video Imaging for Nuclear Safeguards," IEEE Industrial Data Compression Workshop and Conference, Snow Bird, Utah, March 31 – April 1, 1994.
>
> Peter Chare, et al., "Unattended Digital Video Surveillance: A System Prototype for Euratom
>
> Safeguards," 35th Annual Meeting of the Institute of Nuclear Materials Management, Naples, Florida, July 17-20, 1994.
>
> Alistar McLeod, "Automated video surveillance—teaching an old dog new tricks," SPIE Proceedings, Vol. 1989, p. 228-239, December 17, 1993.

Additionally, and without limiting the ability to identify other deficiencies under this court's Patent Local Rules, the asserted claims are invalid under § 112 because they are indefinite, lack proper written description support, and are not enabled.

16. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17. Defendants seek a judicial determination and declaration of the respective rights and duties of the parties based on Defendants' contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '462 patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court:

A. Declare that Defendants have not infringed any claim of the '462 patent and that the claims of the '462 patent are invalid.

B. Declare that this case is exceptional under 35 U.S.C. § 285, and order Plaintiff to pay Defendants' attorneys' fees, expenses and costs in this action.

C. Grant Defendants such other and further relief as the Court may deem proper and just under the circumstances.

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable in this action.


Dated: June 8, 2015

/s/ Warren J. Thomas
Warren J. Thomas, Esq.
Bar Number: 107264 (pro hac vice)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE
Suite 1300
Atlanta, GA 30309
Telephone: 678.771.7781
Fax: 404.645.7707
E-mail: wthomas@mcciplaw.com

David S. Moreland, Esq.
Bar Number: 107263 (pro hac vice)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE
Suite 1300
Atlanta, GA 30309
Telephone: 678-869-7749
Fax: 404.645.7707
E-mail: dmoreland@mcciplaw.com

Patrick J. Saccocio, Esq.
Bar Number: 104544
Attorney for Defendants
Parisi, Coan & Saccocio, PLLC
376 Broadway, 2nd Floor
Schenectady, New York 12305
Telephone: (518) 377-9096
Fax: (518) 377-9108
Email: psaccocio@pandslaw.com

*Attorneys for Defendants*